FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUKE MICHAEL SERVAS,<br><br>Defendant. | No. 2:24-CR-00042-TOR-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT |

On March 21, 2024, the Court held a hearing for Defendant LUKE MICHAEL SERVAS' initial appearance and arraignment based on an Indictment. Defendant appeared in custody represented by Assistant Federal Defender Ryan Farrell. Legal Intern Shaw Lowry supervised by Assistant U.S. Attorney Dan Fruchter represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

Defendant was advised of and acknowledged his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf. The Office of the Federal Defenders of Eastern Washington and Idaho was appointed to represent the Defendant in this matter.

ORDER - 1

United States Probation did not recommend detention of Defendant and the United States did not seek Defendant's detention.

Accordingly, **IT IS ORDERED:**

1. Defendant shall be released on the following conditions:

| | **GENERAL CONDITIONS** |
|---|---|
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation.  Defendant shall comply with all conditions of supervision imposed by other courts. |
| 2 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| 3 | Defendant shall sign and complete A.O. Form 199C before being released.  Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment. |
| 4 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
| 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon.  There shall be no firearms in the home where Defendant resides. |
| 6 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |

ORDER - 2

| | | |
|---|---|---|
| 7 | Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. | |
| 8 | Defendant shall remain in the Eastern District of Washington while the case is pending.  Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation.  Defendant shall have permission to travel into Idaho as necessary without obtaining prior approval from U.S. Probation. | |
| 9 | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. The United States shall provide a list of individuals to counsel for the Defendant.  Defendant shall have contact with his spouse but may not discuss this case. | |
| 10 | Defendant shall maintain or actively seek lawful employment. | |
| 11 | Defendant shall contact defense counsel at least once a week. | |
| **CONTROLLED SUBSTANCES AND ASSESSMENT** | | |
| 12 | **Controlled Substances Prohibition:** Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law. | |
| 13 | **Prohibited Substance Testing**: <u>*If random controlled substance testing is not done through a treatment program, random controlled substance testing shall be conducted through Pretrial Services and shall not exceed six (6) times per month.*</u>  Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of | |

ORDER - 3

| | |
|---|---|
| | prohibited substance screening or testing. Defendant shall not in any way obstruct or attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance testing. |
| 14 | **Alcohol:** Defendant shall not use alcohol to excess. |
| **FINANCIAL CONDITIONS** | |
| 15 | **Financial Records:** Defendant shall disclose any and all personal financial information and business records, to include execution of a Release of Financial Information form, as requested by the U.S. Probation Office. |
| 16 | **Financial Employment:** Defendant shall not engage in any form of employment which would allow access to financial information, to include the following: personal identifiers, credit accounts, bank accounts of any individual, business, or other entity. |
| 17 | **Loans and Credit:** Defendant shall not make any loan or enter into any new credit agreement, without first consulting with the U.S. Probation Office. |
| 18 | **Assets:** Defendant may not liquidate any assets with a value over $1,000 without prior approval of U.S. Probation. |
| 19 | **Liabilities:** Defendant may not make or incur any loan or enter into any new credit agreement over $1,000 without prior approval of U.S. Probation. |

2.  If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party

ORDER - 4

listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

      3.     If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a post-bail report and shall notify defense counsel prior to interviewing Defendant.  If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

      4.     The Court directs the parties to review the Local Criminal Rules: https://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders

      5.     Pursuant to F. R. Crim. P. 5(f) and LCrR 16(a)(6), at arraignment or within 14 days thereafter, the Government is required to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment to which defendant is entitled pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny.  This is a continuing duty for newly discovered evidence.  LCrR 16(c).  Pursuant to F. R. Crim. P. 16(d)(2), failure to comply may result in an order permitting the discovery or inspection; granting a continuance; or any other order that is just under the circumstances (including sanctions, dismissal, exclusion of evidence or witnesses).

      6.     If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order

ORDER - 5

Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED March 26, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE